UNITED STATES of America,
Plaintiff—Appellee,

v.

Burton Chanta ALLEN, aka Buddy
Allen, Defendant—Appellant.

United States of America,
Plaintiff—Appellant,

v.

Burton Chanta Allen, aka Buddy
Allen, Defendant—Appellee.

No. 02–30157, 02–30172.

United States Court of Appeals,
Ninth Circuit.

Submitted May 5, 2003.*

Decided June 19, 2003.

Before: O'SCANNLAIN and GOULD,
Circuit Judges, and BOLTON,** District
Judge.

MEMORANDUM ***

Burton Chanta Allen appeals his jury
conviction for conspiracy to manufacture
methamphetamine on the ground that the
government failed to prove an agreement,
one of the essential elements of the crime.
The government cross-appeals the sentence imposed by the district court on the
ground that a downward departure based
on the sentence disparity of Allen's cooper-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Susan R. Bolton, United States District Court Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ating co-defendants was improper. We have jurisdiction pursuant to 28 U.S.C. § 1291.

The evidence is sufficient to support Allen's conviction. The jury could have found, beyond a reasonable doubt, all elements of a conspiracy to manufacture methamphetamine in an amount exceeding 500 grams. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt); *United States v. Yossunthorn,* 167 F.3d 1267, 1270 (9th Cir. 1999) (the essential elements of conspiracy are: (1) an agreement to accomplish an illegal objective; (2) one or more overt acts in furtherance of the illegal purpose; and (3) the intent to commit the underlying substantive offense).

■ The government's argument that the district court erred by considering the sentence of a co-defendant convicted of a different offense is without merit. It is clear from the record that the district court was aware that it could not depart based on the sentence of a co-defendant convicted of a different crime and intended the downward departure to equalize the disparity in sentences between Allen and co-defendants convicted of the same offense. Although the court did consider the sentence of Justin Norcutt,[1] its consideration of the sentences of co-defendants convicted of the same offense provided an independent and permissible basis for departure. *See Koon v. United States,* 518 U.S. 81, 99–100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) (whether a factor is a permissible basis for departure is a question of law).

■ Downward departure to equalize the sentence disparity between a cooperating defendant and non-cooperating co-defendants is permissible only in certain "rare" and "exceptional" cases. *United States v. Caperna,* 251 F.3d 827, 832 (9th Cir.2001). The sentencing judge is in the best position in the first instance to identify and explain on the record whether "rare" and "exceptional" circumstances are present and why a departure is warranted. *Id.* The precise basis for the district court's conclusion that this case falls within the ambit of *Caperna* is unclear. Therefore, we remand for resentencing so that the district court can articulate on the record whether "rare" and "exceptional" circumstances warrant departure in this case.

We affirm the conviction. We vacate the sentence and remand for resentencing.

AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR RESENTENCING.

---

1. At the time of sentencing the government was on notice that Allen's co-defendant Justin Norcutt had been convicted of manufacturing methamphetamine, not conspiracy to manufacture methamphetamine. Notably, the government allowed the district court to proceed under the erroneous assumption that Norcutt and Allen had been convicted of the same offense.